IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Joe Martin, | C/A No. 0:24-6401-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| James G House; S. Ramsey; S. Smith; Charlotte B. Clark; M. Martens; B. J. Kennedy; J. Todd; A. Gallant; J Curtice; T Dailey; S Leary; K Martin; D Gatti; J Moore; B Gipson; Judge Katie Marie Vaughan; Judge John Charles Dover, *Magistrate*; Mark McKinnon, *Public Defender York SC*; Public Defenders Office, *York SC*; Multijurisdictional Drug Enforcement Unit; York Police Department; York County Sheriffs Office; Clover Police Department; Rock Hill Police Department, | |
| Defendants. | |

Plaintiff Billy Joe Martin ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the action be summarily dismissed without prejudice and without issuance and service of process. [ECF No. 25.]

Plaintiff is a pretrial detainee in the York County Detention Center. *Id.* On December 13, 2024, the magistrate judge issued an order advising Plaintiff of the deficiencies in his complaint and allowing him 21 days to amend his complaint to avoid summary dismissal. [ECF No. 6.] Plaintiff failed to respond, so the magistrate judge recommended this case be dismissed for failure

to prosecute. [ECF No. 10.] Weeks later, the court received three documents from Plaintiff, so the magistrate judge vacated her previous recommendation. [ECF No. 18.] But after reviewing all Plaintiff's filings, the magistrate judge issued another Report recommending this case be summarily dismissed for a number of reasons—some defendants were immune from suit, some were not subject to suit under § 1983, his damages claims were barred, and his requested injunctive relief was precluded by *Younger v. Harris*, 401 U.S. 37 (1971). [ECF No. 25.]

Following the issuance of the Report, Plaintiff mailed a letter asking for clarification on the meaning and purpose of the text order vacating the magistrate judge's first recommendation. [ECF No. 28.] But the letter did not contain any information that could be construed as an objection. In response, this court issued a text order on February 24, 2025, explaining the first Report and Recommendation had been vacated, but the most recent Report and Recommendation, issued on February 13, 2025, also recommended dismissal of Plaintiff's case. [ECF No. 29.] The court advised Plaintiff that he had until February 27, 2025, to file objections, but also offered that Plaintiff could request an extension of that deadline if needed. *Id.* Since then, Plaintiff has neither requested an extension, filed objections, or otherwise communicated with the court.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, adopts the Report, ECF No. 25, and incorporates it by reference herein. This matter is **DISMISSED without prejudice and without issuance and service of process**.

**IT IS SO ORDERED.**

April 8, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge